UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIMOTHY WOOD,

                                  Plaintiff,

v.                                                              Index No.

ONTARIO BUS INC.

                                  Defendant.
_____

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Rochester, New York.

5. The Defendant Ontario Bus Inc. (hereinafter "OBI") is company organized and existing under the laws of the State of New York.

6. That from March 15, 2021 through April 9, 2021, Plaintiff was an employee of Defendant OBI.

7. OBI is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day

1

    in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8.  At all relevant times herein, Defendant OBI exercised control over the Plaintiff.

9.  At all relevant times herein, Plaintiff took direction from Defendant OBI.

10. At all relevant times herein Defendant OBI and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

### IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about January 28, 2022, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment he suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about September 9, 2022, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

### V. FACTS

13. Plaintiff was employed with the Defendant OBI in the dispatch unit.

14. Plaintiff suffers from hearing loss and wears hearing aids to assist him.

15. At the time Plaintiff interviewed for the position, all persons present, both human resource and manager for the Defendant were notified of his hearing issues/hearing loss.

16. Plaintiff informed them that he probably would have have to use an intercom device in order to properly dispatch.

17. That at the time Plaintiff was hired by the Defendant, it was aware of Plaintiff's disability and hired him with such knowledge.

18. On April 5, 2021, Plaintiff's manager, Steve, informed the Plaintiff that they would have to change his rate of pay for his position to $19.50 an hour for a 30 hour work week and that he would be now working a new positon as a bus driver.

19. Plaintiff had previously worked 40 plus hours at $17.50 as a dispatcher for the Defendant.

20. Defendant manager Steve stated to the Plaintiff that the reason he had to change his rate of pay and remove Plaintiff from the dispatch position is because of Plaintiff's hearing impairment and requisite need to have to use hearing aids.

21. Plaintiff then came into work on April 7, 2021 working as a driver that day and the next two days thereafter.

22. On April 9, 2021, after his shift ended, Plaintiff filed a request for time off and was told by Defendant manager Steve to get his hearing aids fixed and maybe he could return to work again in dispatch.

23. As a result of the decision to lower Plaintiff's income, he was forced leave the positon with OBI to find alternative employment in order to meet the income level he required to sustain his current cost of living.

24. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

25. That Plaintiff was subjected to discriminatory conduct by the Defendant OBI that created an offensive work environment on the basis of his disability.

26. Defendant OBI's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

27. That Defendant OBI failed to provide any reasonable accommodations to the Plaintiff that would allow him to perform his job.

28. In the alternative, Defendant OBI failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury that compensated Plaintiff at the same rate of pay as the dispatch positon.

29. As a result of Defendant OBI's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

(a) Actual damages;

(b) Compensatory damages, including but not limited to

(c) Punitive damages;

Case 6:22-cv-06451   Document 1   Filed 10/18/22   Page 4 of 4

(d) Costs, disbursements and reasonable attorney's fees;

(e) For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues in this action.

Dated: October 18, 2022

/s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
sandrews@kennethhiller.com